UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Specialized Loan Servicing, LLC,
      Appellant

      v.                                    Case No. 20-cv-1039-SM
                                            Opinion No. 2021 DNH 174

Town of Bartlett,
      Appellee


                         **O R D E R**


     Appellant, Specialized Loan Servicing, LLC ("SLS"), filed

an adversary proceeding in the bankruptcy court, seeking to

resolve a lien-priority dispute with the Town of Bartlett, New

Hampshire.  Invoking that court's equitable authority, SLS asked

the bankruptcy judge to reprioritize liens attached to property

at 1467 Route 302 in Bartlett.  SLS sought priority for its

mortgage deed over a superior lien that the Town had recorded

prior in time.  The bankruptcy court denied SLS's request and

granted summary judgment in favor of the Town.  SLS appealed

that decision to this court.


     By order dated September 29, 2021, the court affirmed the

bankruptcy court's grant of summary judgment in favor of the

Town, holding that the bankruptcy court "correctly and properly

declined to exercise its equitable powers to reprioritize the liens in SLS's favor." Order dated September 29, 2021 (document no. 12) (the "September Order") at 24. SLS now moves for rehearing of that decision. See Fed. R. Bank. P. 8022.

To prevail on its motion for rehearing, SLS bears a significant burden:

> The standard for granting such a motion, derived from Rule 40 of the Federal Rules of Appellate Procedure, requires the movant to state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended. This standard is strict. The purpose is not to allow the movant to reargue his case. Rather, the sole purpose of rehearing is to direct the court's attention to a material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result.

In re Soundview Elite Ltd., No. 14-CV-7666 JPO, 2015 WL 1642986, at *1 (S.D.N.Y. Apr. 13, 2015) (citations and internal punctuation omitted) (emphasis supplied). See also In re Sears Holdings Corp., 616 B.R. 615, 623 (S.D.N.Y. 2020); In re Chase Monarch Int'l Inc., 453 F. Supp. 3d 484, 485–86 (D.P.R. 2020).

In support of its motion, SLS argues that the court erred in noting that, "Presumably, if SLS were granted the equitable relief it seeks, the Stipulation between the Town and the

trustee would be nullified." September Order at 21.[1] SLS then goes on at great length to demonstrate that the Stipulation cannot (or, at a minimum, likely will not) be "nullified." SLS concludes by saying that "[w]ithout that incorrect presumption, there is no unjust prejudice from equitable subrogation." Appellant's Motion (document no. 14-1) at 4 (emphasis supplied).

SLS misses the point entirely. Whether the Stipulation can or cannot be "nullified" is irrelevant. The salient point is this: if SLS had been the relief it sought in bankruptcy court, both the Town and the bankruptcy trustee would have been significantly, unfairly, and unjustly prejudiced - an outcome equity will not endorse. See generally September Order at 22-23.

Both the Town and the bankruptcy trustee relied to their detriment upon the state of the Carroll County land records, and their reasonable (and correct) understanding that the Town held a superior lien position on property owned by the debtor. The Town and trustee then spent significant time, energy, and resources both crafting and defending the Stipulation. The Town also elected not to pursue other potential collection options

---

[1]  The Stipulation between the Town and the bankruptcy trustee is discussed in greater depth in the September Order.

against the debtor, in favor of negotiating the Stipulation with the trustee. See September Order at 19.

While the Stipulation between the Town and the trustee might technically survive the equitable subordination of the Town's lien, the benefit each party would receive from that agreement would be substantially and unjustly diminished. For example, if the Town's lien were equitably subordinated to SLS's mortgage deed, the trustee would receive less consideration in exchange for his agreement to settle all of the debtor's claims against the Town. The Town would also suffer economic loss that it likely could have avoided had it not relied on its first lien priority and opted to negotiate the Stipulation with the trustee. See Appellee's Brief (document no. 10) at 15-17. And, as the court previously noted, "The Town and the trustee join in saying that neither would have entered into the Stipulation – certainly not on the terms to which they agreed - absent their reasonable understanding that the Town held a priority lien position with respect to the Refinanced Mortgage." September Order at 8.

This case does not present a situation in which a mortgage lender is merely seeking to correct an innocent mistake or clerical error in the land records, with little or no meaningful

impact upon other lienholders.  Years have passed since the repeated acts of neglect attributable to SLS, during which time the Town and the trustee have made collection, litigation, and settlement decisions and materially altered their positions in reliance upon the records at the registry of deeds – records that plainly and unmistakably establish the Town's superior lien position.  See generally Appellee's Brief (document no. 10) at 17.  See also Affidavit of Gene Chandler, Chair of the Bartlett Board of Selectmen (document no. 8-2) at 38-45; Affidavit of Michael Askenaizer, Chapter 7 Bankruptcy Trustee (document no. 8-2) at 54-55.  Regardless of the status of the Stipulation between the Town and the trustee, had the bankruptcy court granted SLS the equitable relief it sought, an injustice would have been imposed on the Town and the trustee.  See generally Chase v. Ameriquest Mortg. Co., 155 N.H. 19 (2007).  The bankruptcy judge acted well within the bounds of his discretion to deny equitable relief to SLS under the circumstances presented.

For the reasons discussed, as well as those set out in the court's September Order, SLS has failed to demonstrate that the bankruptcy court erred, or that it is entitled to the benefit of equitable subrogation.  Nor, more importantly at this juncture, has it demonstrated that this court overlooked or misapprehended

5

a material matter of law or fact which, had it been given due consideration, would probably have brought about a different outcome.  SLS's Motion for Rehearing (**document no. 14**) is, therefore, necessarily denied.

        **SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 12, 2021

cc:   John F. Willis, Esq.
      Christopher T. Hilson, Esq.
      Edmond J. Ford, Esq.
      Richard K. McPartlin, Esq.